Wills *v.* Whitmore.

P. B. WILLS *et al. v.* W. A. WHITMORE *et al.*

CHANCERY PRACTICE. *Assignment. Pendente lite. Court not bound to notice.* A court is not bound to notice an assignment *pendente lite.* And all interest of a complainant, under a decree in his favor, rendered after the assignment, will enure to the benefit of the assignee in such case. A complainant's want of interest in the subject matter, by reason of such fact, at the rendition of the decree, will not avoid the same.

FROM SHELBY.

Appeal from the Chancery Court. R. J. MORGAN, Chancellor.

PIERCE & DIX for complainants.

CLAPP, VANCE & ANDERSON for defendants.

Wills *v.* Whitmore.

DEADERICK, J., delivered the opinion of the court.

Defendants, Whitmore Brothers, as partners, brought two suits at law, in the name of Saunders, Clarke & Co. for their use, against the complainants, Wills & Bingham, as partners.

They obtained judgments, but the judgments were set aside; whereupon the circuit judge, by consent of parties, transferred the causes to the chancery court, upon the grounds that the matters in controversy were better suited to the peculiar jurisdiction of that court. Complainants, Wills & Bingham, then filed their bill, alleging that Whitmore, as assignee of Saunders, Clarke & Co., claimed that they were indebted to them, whereas said Saunders, Clarke & Co. were in fact indebted to the said P. B. Wills & Co., and that the said Whitmore Brothers were indebted to complainants for certain articles of furniture and printing materials and fixtures. For all of which they prayed that defendants be required to account, and for a decree for such sum as might be ascertained to be due to them. Respondents answered the bill, admitting that the accounts sued on in the law court had been transferred to them by Saunders, Clarke & Co., and insisting that complainants were indebted to Saunders, Clarke & Co. upon a fair settlement of the accounts between them, and agreeing that the account prayed for by complainants should be taken. They also admitted that some old material passed into their hands belonging to complainants; that they were of small value, and after allowing every credit they are entitled to, they will still be largely indebted to defendants, and pray-

ing for an account and decree. An account was accordingly ordered, and the master reported $1,137.59 due to complainants. Of this sum $962 was allowed for the furniture and printing materials, etc., including interest from December 1st, 1861, to date of report, and the residue, $175.12, for the excess of complainants' account over that of Saunders, Clarke & Co.

Exceptions were filed by the defendants and overruled, except as to the price of furniture, etc.

As to these items, the chancellor was of the opinion that their value, as shown by the evidence, was $370, with interest thereon from September 1st, 1865, the date at which said property went into their possession. No decree was rendered for the excess of complainants' account, over that of Saunders, Clarke & Co. against them, but only for the $370 and interest $144.30, making in all $514.30.

This result is sustained by the evidence. The charge is distinctly made in the bill that defendants were liable to account for the value of the furniture, printing material, etc., and the answer virtually admits the liability, but contests the value assumed in the bill.

The final decree was rendered 4th March, 1872, and upon the rendition, James O. Pierce presented in court an assignment of the claims of defendant and asked leave to file the same, which was granted, and it was further ordered that the amount of the decree, when collected, should be paid to said Pierce, and this leave and order was appended to and made part of said final decree.

A petition to rehear was presented, stating the assignment and insisting that the decree was erroneous, because the assignment, bearing date July, 1871, shows that complainants had no interest in the subject matter of the suit, when the decree in their favor was pronounced. The rehearing was granted, and Pierce upon his petition had an order to change the style of the suit so as to stand in the name of complainants for the use of said Pierce. After a demurrer to Pierce's petition, the cause was again heard, and the former decree sustained and affirmed.

In our view, the chancellor's decree of March 4th was correct. It was not necessary to take any notice of the assignment made to Pierce *pendente lite.* Story Eq. P., sec. 156.

Defendant's indebtedness to complainant was ascertained and decreed by the court by the decree of March 4th. It was not material to their rights to whom it was assigned or to whom decreed, so that they were protected against any future claim upon the same cause of action, as they were fully in this case.

The chancellor's decree will be affirmed with costs.